# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00379-CV

## In re José Garza, District Attorney, Travis County, Texas

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## C O N C U R R I N G   O P I N I O N

I write separately because although I agree that we are bound by our holding in *In re State ex rel. Tharp*, I respectfully believe that case was wrongly decided. *See* 722 S.W.3d 268, 272 (Tex. App.—Austin 2025, no pet.). While I am acutely aware of the need to reassure child victims and their families that the sensitive information revealed in forensic interviews will not be publicly disseminated, *Tharp* imposed an interpretation on subsection 264.408(d-1) that the Legislature could not have intended and that leads to absurd results. *See Ex parte Vela*, 460 S.W.3d 610, 612 (Tex. Crim. App. 2015) (we construe statutes according to their plain meaning only if doing so does not lead "to absurd results that the legislature could not possibly have intended").

Prohibiting a court reporter from transcribing a forensic interview under tightly circumscribed procedural safeguards is disconsonant with subsection 264.408(d-1)'s language and function. Under *Tharp*'s reasoning, there is nothing except the daunting scope of the task to prevent a defense attorney from creating a verbatim transcript of an interview herself and—within

the confines of her ethical obligations—sharing that transcript with whomever she feels necessary to best represent her client. Moreover, many of the details of an abuse allegation made during a forensic interview will eventually be disclosed in testimony at trial and recorded in the reporter's record—creating exactly the risk *Tharp* purports to avoid. These considerations are in addition to the categorically different nature of a written transcript as compared to audio or video from a forensic interview.

In light of the misalignment between subsection 264.408(d-1)'s purpose and the incongruous results to which *Tharp*'s plain-meaning interpretation of the statute could lead, as well as the benefit that providing transcripts of forensic interviews to defense attorneys would confer to preparation of their clients' defenses, I urge the Court of Criminal Appeals to consider the validity of *Tharp*'s construction of subsection 264.408(d-1) and whether its effects could possibly have been the Legislature's intent. *See Ex parte Williams*, 595 S.W.3d 328, 330 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (Frost, C.J., concurring) ("Through concurring opinions, justices can identify deficiencies in precedent, explain why another approach might better serve the interests in play, and respectfully urge the high court to revisit the issue and perhaps abrogate the precedent.").

_____

Maggie Ellis, Justice

Before Justices Triana, Kelly, and Ellis

Filed: June 30, 2026